UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Justin James, | ) |
|                         Plaintiff, | ) Case No.: 4:18-cv-01857-SAL |
| v. | ) |
| City of Florence and Arnold Burch, | ) **OPINION AND ORDER** |
|                         Defendants. | ) |

This matter is before the Court for review of the September 5, 2019 Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III (the "Report"), ECF No. 45, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). In the Report, the Magistrate Judge recommended that Defendants' Motion for Judgment on the Pleadings, ECF No. 20, be granted with Plaintiff's consent and that Defendants' Motion for Summary Judgment, ECF No. 26, be granted on Plaintiff's retaliation claim asserted under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).[1] According to the Report, Plaintiff failed to carry his burden to show a genuine issue on whether the reasons for his termination were pretextual. Plaintiff objected to the report on September 17, 2019, ECF No. 46, and Defendants responded to Plaintiff's objections on September 26, 2019. *See* ECF No. 47. For the following reasons, the Court overrules Plaintiff's objections and adopts the Report in whole.

**I.     Background**

The factual history of this case as set forth in the Report is incorporated herein by reference. In summary, Plaintiff Justin James was formerly employed by the City of Florence,

---

[1] As set forth in the Report, Plaintiff consents to the dismissal of all claims except his retaliation claim against the City of Florence. *See* ECF Nos. 23, 31.

1

where he worked in water and sewer maintenance. He began his employment in 2013 and was terminated on April 5, 2016, shortly after reporting that his supervisor, Arnold Burch, had made various sexually explicit, obscene, and derogatory comments toward Plaintiff. Plaintiff first reported Burch's conduct to his supervisor, Terry Joyner, on March 31, 2016. The following day, Plaintiff met with Jennifer Krawiec, the City's Human Resources Manager, and Scotty Davis, Krawiec's supervisor. During this meeting, Plaintiff related Arnold Burch's alleged actions and identified numerous witnesses whom Plaintiff claimed would corroborate his allegations against Burch. Plaintiff was directed to prepare a written complaint, which he submitted on April 4, 2016.

Burch was suspended without pay pending the investigation, and, in the interim, between April 1, 2016 and April 4, 2016, Krawiec and Davis interviewed nine (9) individuals in connection with Plaintiff's allegations. Arnold Burch denied all allegations and indicated that the allegations may be a result of an unrelated interpersonal dispute between James and Burch. *See* ECF No. Ex. 1 to Krawiec Aff., ECF No. 24-4 at 4. Contrary to Plaintiff's allegations, other witnesses related that James, not Burch, initiated a sexually explicit conversation in one instance and that Burch told James to stop. *Id.* No witnesses corroborated Plaintiff's allegations as he had indicated they would. The only information pertaining to Burch's purported misconduct came from Plaintiff. For instance, Ludwie Titus recounted that on March 30, 2016, James approached Titus and accused Burch of making sexually explicit remarks. *Id.* This was the first Titus had heard of the allegation, however, and he did not hear Burch making any inappropriate comments himself. Finally, while Plaintiff alleged that Burch forced him to display pornography to Burch during work hours, Melvin Gregg, a team leader, related that Plaintiff viewed pornography in a work truck and had flashed pornography in Gregg's face while Gregg was driving. *Id.* Several of

the witnesses interviewed reported that Plaintiff was not a good worker and had a problem with authority. *Id.*

Because of the inconsistencies and lack of corroboration to Plaintiff's allegations, he agreed to take a polygraph examination. The examination occurred on April 5, 2016. The results indicated deception when Plaintiff denied (1) lying about Burch making sexual advances towards Plaintiff at work, and (2) lying about Burch telling him he was "going to make [him] his little bitch." ECF No. 31-7. Plaintiff's employment was terminated after the polygraph exam. The Action Report documenting the termination, dated April 4, 2020, states as follows:

> Friday, April 1, 2016, you made allegations against another employee that was not corroborated by an internal investigation completed by the City's Human Resources Department. Due to your actions and in the best interest of the City of Florence, you are hereby dismissed from your position of employment effective today, April 5, 2016.

ECF No. 31-6. In addition, the findings of the investigation included citation to the portions of the City of Florence Employee Handbook and Statement of Conduct that forbid viewing pornography and making false allegations. ECF No. 26-4 at 5-6. Plaintiff alleges that his termination constitutes retaliation for reporting Burch's sexual harassment and that the City of Florence's proffered reasons for the termination are merely pretext. After a thorough review of the record, the Report, and the parties' objections, the Court finds that Plaintiff has failed to carry his burden to establish a genuine issue as to whether his termination was pretextual, and Defendants' Motion for Summary judgment therefore must be granted.

## II.     Standard of Review

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with

making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## III.   Discussion

Because no reasonable jury could find that the City of Florence's reasons for terminating Plaintiff were pretextual, Defendants' Motion for Summary Judgment, ECF No. 26, must be granted.

Title VII prohibits an employer from discriminating against an employee "because he has opposed any practice made an unlawful employment practice" by Title VII "or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a). Retaliation claims brought under § 2000e-3(a) "require proof that the desire to retaliate was the but-for cause of the challenged employment action." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 339 (2013).

Under the applicable burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a plaintiff must first establish a prima facie case of retaliation. *Id.* at 802; *see also Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 246 (4th Cir. 2015). A prima facie retaliation case includes evidence that the plaintiff (1) engaged in protected activity, (2) the employer took adverse employment action against him, and (3) a causal connection between the protected activity and the adverse employment action. *E.g.*, *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). Once the plaintiff has carried this

burden, the defendant must show that its purportedly retaliatory action was in fact the result of a legitimate non-retaliatory reason. *Foster*, 787 F.3d at 250. If the defendant makes this showing, the burden shifts back to the plaintiff to show that the legitimate reasons offered by the defendant are pretextual. *Matvia v. Bald Head Island Mgmt., Inc.*, 259 F.3d 261, 271 (4th Cir. 2001).

The opposition clause in 42 U.S.C. § 2000e-3(a) does not protect the making of a knowingly false allegation, because such conduct is not in fact opposing any practice made unlawful by Title VII. *See Villa v. CavaMezze Grill, LLC*, 858 F.3d 896, 901 (4th Cir. 2017). Accordingly, "firing an employee for knowingly fabricating an allegation relating to a Title VII violation does not run afoul of the opposition clause" in 42 U.S.C. § 2000e-3(a). *Villa*, 858 F.3d at 902 (citations omitted). When an employer is presented with a "he said, she said" set of facts, the employer is not liable for disciplining the employee, provided it "took the adverse action because of a *good faith belief* that the employee made false accusations." *Id.* (quoting *Richey v. City of Indep.*, 540 F.3d 779, 785 (8th Cir. 2008)) (emphasis added).

In *Villa*, the Fourth Circuit affirmed the district court's grant of summary judgment in favor of an employer, where the employer's investigation led it to conclude in good faith that the plaintiff had fabricated her report of Title VII violations. 858 F.3d at 903. The plaintiff reported to a superior that her general manager had offered an employee a raise in exchange for sex, and she suspected a similar offer had been made to another employee. *Id.* at 898-99. The plaintiff reportedly obtained her information from the first employee in the presence of yet another employee. *Id.* at 899. The plaintiff's superior interviewed both employees and the purported witness to the conversation between the plaintiff and the first employee. *Id.* All three interview subjects denied the substance of the plaintiff's report. *Id.* Reviewing these facts, the Fourth Circuit stated that "[b]ecause its investigation led it to conclude in good faith that [Plaintiff] had

5

simply made up her conversation [with the first employee], [the employer]'s reason for terminating her was necessarily not retaliatory." *Id.* at 903. Notably, the report of a Title VII violation occurred on October 28, 2013, and the plaintiff was terminated on November 5, 2013. *Id.*

Plaintiff Justin James primarily objects on the ground that a reasonable jury could conclude that "no reasonable investigation in fact occurred" and that "the real reason for the Plaintiff's termination was for his complaints about conduct he perceived to be unlawful." ECF No. 46 at 3. The Court agrees with Defendants that Plaintiff misstates the standard on this issue. The Fourth Circuit recognized in *Villa* that "evidence of an *obviously inadequate* investigation into the employee's misconduct could tend to show that claimed employee misconduct was actually pretext." *Id.* at 905 (citing *Smothers v. Solvay Chems., Inc.*, 740 F.3d 530, 542 (10th Cir. 2014)) (emphasis added). Viewing all evidence in the light most favorable to Plaintiff, however, the Court is convinced that no reasonable jury could find that the quality of the City of Florence's investigation itself (or in combination with any other fact in the record) can establish pretext.

Here, the City of Florence promptly began its investigation into the allegations Plaintiff made against Arnold Burch. It immediately suspended Burch without pay during the investigation. Between April 1, 2016 and April 4, 2016, City of Florence human resources personnel interviewed nine (9) individuals, five (5) of whom Plaintiff claimed would be able to corroborate his claims. None of the people interviewed corroborated Plaintiff's version of events; instead, one individual reported that it was actually Plaintiff who initiated sexually explicit conversation on one occasion and that Arnold Burch told Plaintiff to stop. As detailed in the Report, the only information supporting Plaintiff's allegations discovered by the City of Florence

during its investigation consisted of Plaintiff's own statements to interview subjects, made in close temporal proximity to Plaintiff formally complaining about Arnold Burch's conduct. The City of Florence also conducted a polygraph examination, which indicated Plaintiff's deception on the substance of his claims. The City of Florence has carried its burden under the *McDonnell Douglas* framework to show that it terminated Plaintiff for fabricating allegations in light of this evidence. Any countervailing inference–whether based on the City's failure to polygraph each interview subject or to record his statement–is unreasonable at this stage. Further, the temporal proximity between Plaintiff's report and his termination does not alter this conclusion. *See Wagner v. Wheeler*, 13 F.3d 86, 91 (4th Cir. 1983).

Plaintiff also admitted to viewing and displaying pornography at work. Although he claims that Burch forced him to, this claim is uncorroborated, and one individual stated that Plaintiff "would flash pornography in [his] face as [he] was driving." ECF No. 26-4 at 4. This conduct alone is terminable according to the City of Florence Employee Handbook. *Id.* at 5-6. In any event, based on the facts it had discovered through its investigation, no reasonable juror could believe that the City of Florence was motivated by retaliatory animus in terminating Plaintiff.

## IV.     Conclusion

After a thorough review of the record, the Report, and the parties' objections, the Court adopts the Report in its entirety. Accordingly, Defendants' Motion for Judgment on the Pleadings, ECF No. 20, is GRANTED on consent of the parties, and Defendants' Motion for Summary Judgment, ECF No. 26, is GRANTED.

IT IS SO ORDERED.

/s/ Sherri A. Lydon
Sherri A. Lydon
United States District Judge

April 27, 2020
Florence, South Carolina

8